UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16mj03123 JG

UNITED STATES OF AMERICA

vs.

WINSTON WILLIAMS and
RENALDO SIMMONS,

        Defendant.
_____/

## CRIMINAL COMPLAINT COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
FRANKLIN G. MONSOUR, JR.
Assistant United States Attorney
Florida Bar No.: A5501761
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9128
Facsimile: (305) 530-7139
Email: Franklin.Monsour@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| WINSTON WILLIAMS and RENALDO SIMMONS, | ) | Case No. 16mj03123 JG |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 11 - August 17, 2016** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute more than 100 kilograms of Marijuana |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jeremy Nawyn, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/18/2016

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Jonathan Goodman, U.S Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jeremy Nawyn (the "Affiant"), after being duly sworn, hereby state as follows:

1. I am employed by the United States Drug Enforcement Administration ("DEA") as a Special Agent, and have been so employed since September of 2008. I have participated in numerous investigations involving the importation and distribution of controlled substances and the possession and concealment of such controlled substances. As a Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States, who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 21, United States Code, Sections 952(a), 841 (a)(1), 963 and 846.

2. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to arrest Winston WILLIAMS and Renaldo SIMMONS for violations of Title 21, United States Code, Section 846, that is, conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers and sources involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

3. On or about August 11, 2016, DEA agents received information from a confidential source ("CS") about a load of marijuana being transported from Freeport, Bahamas to Miami,

Florida via a vessel. On that date, DEA agents met the vessel and seized approximately 1191 pounds (540 kilograms) of a substance that field tested positive for the presence of marijuana. The CS stated that this marijuana belonged to a group represented by a Bahamian male utilizing telephone number 954-683-3736, hereinafter SIMMONS. According to the CS, SIMMONS would be waiting to receive instructions by telephone on how to receive the marijuana.

4. On August 12, 2016, an undercover officer ("UC") made a recorded telephone call to SIMMONS and arranged a meeting in Miami, Florida later that afternoon. At the meeting, of which an audio and video recording was made, SIMMONS gave the UC a white rental cargo van to load with the marijuana and tens of thousands of dollars in cash. The UC told SIMMONS that he would arrange the delivery in the morning because they were moving "a lot of weed" (meaning marijuana). In response, SIMMONS stated "yeah" in the affirmative. SIMMONS departed with an unidentified male in a red Chevrolet Cruze.

5. Between August 12 and August 17, 2016, the UC continued to converse with SIMMONS through multiple text messages and two recorded telephone calls about scheduling the delivery of the marijuana. In one text message to Simmons, the UC stated there's "lots of green" and it's smelling the warehouse up like a "Bob Marley concert." In a telephone call on August 15, 2016, the UC, in discussing arranging delivery, again refers to "a lot of weed," to which SIMMONS again says "yeah." And in a telephone call on August 16, 2016, SIMMONS agreed to meet the UC in the Kendall area the following day to take custody of the van (which was to contain the 1191 pounds of marijuana).

6. On August 17, 2016, the UC conducted a recorded telephone call to SIMMONS and stated that the van was ready to be picked up at the Home Depot at 13501 South Dixie Highway, Pinecrest, FL. Later that morning, the red Chevrolet Cruze arrived and parked near the rental van containing the 1191 pounds of marijuana. SIMMONS and WILLIAMS exited the car and talked with the UC who provided the keys of the van to WILLIAMS. This meeting was audio and video recorded. WILLIAMS drove the rental van away from the Home Depot followed immediately by the SIMMONS driving the Chevrolet Cruze. The back of the van was fully loaded with the 1191 pounds of marijuana, which was contained in 24 large sacks, with no partition or divider between the driver and the back cargo area.

7. After traveling several blocks, the van stopped. A Miami Dade Police Department patrol car with two officers approached the van. After initially engaging in conversation with the officers, WILLIAMS, who was already outside of the vehicle, fled on foot and SIMMONS fled in the Chevrolet Cruze. After a brief time, both individuals were taken into custody by DEA.

8. Based on the foregoing facts, I submit that probable cause exists to believe that Winston WILLIAMS and Renaldo SIMMONS conspired to possess with intent to distribute

**[This space intentionally left blank.]**

more than 100 kilograms of marijuana, in violation of Title 21, United States Code, Section 846.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SPECIAL AGENT JEREMY NAWYN
DRUG ENFORCEMENT ADMINISTRATION

Subscribed to and sworn before me
this 18th day of August.

_____
HON. JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE